[No. 20267. In Bank. — January 17, 1887.]

THE PEOPLE, APPELLANT, *v.* A. P. MORE, RESPONDENT.

CRIMINAL LAW — DISMISSAL OF ACTION BY COURT— PEOPLE CANNOT APPEAL FROM ORDER. —No appeal lies on behalf of the people from an order made by the Superior Court, of its own motion, dismissing a criminal action.

APPEAL from an order of the Superior Court of Santa Barbara County dismissing a criminal action.

The facts are stated in the opinion of the court.

*Attorney-General Johnson, J. J. Boyce,* and *W. T. Williams,* for Appellant.

*McNulta & Oglesby, R. B. Canfield,* and *George Flournoy,* for Respondent.

McFARLAND, J.—This is an appeal taken in the name of the people from an order made by the Superior Court of the county of Santa Barbara, of its own motion, dismissing a criminal action in which respondent herein was defendant. The order was made under the power granted in section 1385 of the Penal Code, which is as follows:—

" Sec. 1385. The court may, either of its own motion or upon the application of the district attorney, and in furtherance of justice, order an action or indictment to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes."

The respondent moves to dismiss the appeal, upon the ground that the order is one from which no statutory right of appeal is given to the people. It is certainly not one of the enumerated cases in which a right of appeal is given by section 1238 of the code, and there is no other statutory provision giving such right.

It is contended, however, by appellant, that as the

constitution gives this court appellate jurisdiction of questions of law arising " in all criminal cases prosecuted, by indictment or information, in a court of record," therefore there is jurisdiction here, although no statutory machinery for the appeal has been provided, as held in *People* v. *Jordan*, 65 Cal. 644. But the order in question is, in its nature and character, one from which the people cannot appeal. The power under which the order was made is substantially the same as that held by the attorney-general in England, and by the prosecuting officer in many of the American states, to enter a *nolle prosequi*. The court, for the purposes of the order of dismissal, takes charge of the prosecution, and acts for the people. It holds the power to dismiss, as the attorney-general in England holds the power to enter a *nolle prosequi*, by virtue of the office and the law; and it is exercised upon official responsibility. The court having acted for the people, and under express power granted by them to so act in their criminal prosecutions, there is no appeal on their part for such action. Of course, if a defendant should appeal from such an order, as he well might if it were made after the impaneling of a jury, a different case would be presented. (*Commonwealth* v. *Tuck*, 20 Pick. 365.)

Appeal dismissed.

THORNTON, J., TEMPLE, J., SHARPSTEIN, J., PATERSON, J., and McKINSTRY, J., concurred.

Rehearing denied.