[Crim. No. 2812. Second Appellate District, Division One.—May 6, 1936.]

THE PEOPLE, Respondent, v. MANUEL ROMERO, Appellant.

Frederic H. Vercoe, Public Defender, and William B. Neeley, Deputy Public Defender, for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

DORAN, J.—The defendant herein, who was charged by information with violating the state Narcotic and Drug Act, was tried by the court, sitting without a jury, and found guilty. The court also found against the defendant on a plea of "Once in Jeopardy". Appeal is from the judgment and from an order denying a motion for a new trial.

Two informations were filed, charging identical offenses. The first one, which was filed on August 8th, was dismissed on motion of the district attorney on August 22d. The minute record of the order is as follows: "Deputy District Attorney C. H. Matthews and the defendant with his counsel, J. H. Hearn, present. On motion of the District Attorney and in the interest of justice, this case is dismissed. Defendant is released."

On September 10th the second information was filed. To this second information defendant entered his pleas of "Not Guilty" and "Once in Jeopardy".

█ Appellant earnestly contends that the dismissal of the first information was a bar to further prosecution for the reason that the minute order failed to state the reasons for the dismissal, as required by section 1385 of the Penal Code. *People* v. *Disperati*, 11 Cal. App. 469 [105 Pac. 617], is relied upon for authority in support of this contention. In the Disperati case, *supra*, no reason for the order was specified in the minutes, and the court held as follows: " . . . the statute provides that the order 'as provided in this chapter' is not a bar, and the mandate in reference to said order is that it must contain the 'reasons of the dismissal'. We have no authority to disregard this requirement or to hold that it is merely directory. The proceeding is somewhat harsh, and imposes an additional burden upon the defendant, and no substantial departure from the plain provision of the statute should be tolerated."

The respondent points to the case of *People* v. *Head,* 105 Cal. App. 331 [288 Pac. 106, 108], in which case the minute order of a dismissal did not state the reasons therefor, but the court nevertheless held that, "The failure to state in the order of dismissal the fact that another proceeding was pending charging the identical offense constituted a mere omission to state a fact which the records of the court already disclosed and here constituted at most a mere irregularity in procedure without prejudice to appellant. It does

not appear that the legislature intended by the sections above mentioned" (sections 1385 and 1387 of the Penal Code) "to create a bar to further prosecution under the circumstances in the present case."

Neither one of the foregoing cases construes section 1385 according to its apparent, if not its obvious, purpose. Section 1386 of the Penal Code provides as follows: "The entry of a *nolle prosequi* is abolished, and neither the attorney-general nor the district attorney can discontinue or abandon a prosecution for a public offense, except as provided in the last section." Formerly the prosecutor alone had authority to dismiss a criminal action, but with the adoption of sections 1385 and 1386 of the Penal Code, this authority was transferred to the court.

The Supreme Court of California has declared the following with respect to section 1385: "The power under which the order was made is substantially the same as that held by the attorney-general in England, and by the prosecuting officer in many of the American states, to enter a *nolle prosequi*. The court, for the purposes of the order of dismissal, takes charge of the prosecution, and acts for the people. It holds the power to dismiss, as the attorney-general in England holds the power to enter a *nolle prosequi,* by virtue of the office and the law, and it is exercised upon official responsibility. The court having acted for the people, and under express power granted by them to so act in their criminal prosecutions, there is no appeal on their part for such action." (*People* v. *More,* 71 Cal. 546 [12 Pac. 631].)

The legislature, in imposing this duty and responsibility upon the court, has gone one step further, however, and has required the court to spread upon the minutes for public reference the reason for its action in dismissing a felony prosecution. From the standpoint of the public welfare, potent arguments suggest themselves as to the wisdom of such a requirement. Indeed, the legislature has gone so far as to guard against the likelihood of the court doing violence to the interest of justice by providing that such order can be made only "in the furtherance of justice". The obvious function of section 1385 of the Penal Code is to impose a duty on the court, but with certain limitations and conditions: the "limitation" that such dismissal must be in furtherance of justice, and the "condition" that the reasons for

the dismissal must be entered upon the minutes. The section has nothing whatsoever to do with the rights of the defendant. For the court to fail to perform its duty, therefore, is not a matter about which a defendant can be heard to complain. The order of the court, under section 1385 of the Penal Code, in dismissing a felony action may be a matter of public concern, but in no way, either by motion or by plea, can it be seized upon by a defendant as the technical means to a coveted end. Section 1387 of the Penal Code definitely and unequivocally provides that such a dismissal is not a bar if the offense is a felony. The plea of ''Once in Jeopardy'', therefore, was without legal sanction, and the finding by the court against the defendant on the plea of ''Once in Jeopardy'' was valid, assuming that such a finding was required.

 Section 1382 of the Penal Code provides in part as follows: ''The court, unless good cause to the contrary is shown, must order the prosecution to be dismissed in the following cases: . . . If a defendant, whose trial has not been postponed upon his application, is not brought to trial within sixty days after the finding of the indictment, or filing of the information.'' Although the trial of the appellant was held thirty-one days after the information herein was filed, sixty-four days had elapsed from the filing date of the information which was dismissed, and appellant therefore urges, quoting from appellant's brief: ''We contend that this order of the court granting the dismissal together with the filing of a new complaint and the proceedings based thereon, whereby the defendant was subsequently, and more than sixty days after the filing of the first information, compelled to defend himself against the same charge, constituted a violation of defendant's constitutional right to a 'speedy trial'.'' Thus it will be seen that appellant seeks to apply the sixty-day limit fixed by the legislature in section 1382 as the test for what constitutes a speedy trial within the meaning of the Constitution. In other words, if the legislature had fixed ten days or one year, it nevertheless would be conclusive on the question of what the Constitution means by the phrase ''speedy trial''.

Even though its acts may afford a useful guide, it could hardly be contended, at least successfully, that the legislature has the absolute power to limit the courts in the de-

termination of constitutional questions. The question as to whether a defendant in a criminal action has had a speedy trial within the meaning of the Constitution may depend upon the surrounding circumstances of the individual case. (*People* v. *Brock,* 87 Cal. App. 601 [262 Pac. 369, 263 Pac. 544].) Time, only, will not always suffice as the sole basis for the determination of this question, but time, together with the surrounding circumstances, avoids an arbitrary standard and yet effectively preserves the safeguards created by the Constitution. Under the circumstances presented in the case at bar, it cannot be said that appellant did not receive a speedy trial within the meaning of the Constitution.

The foregoing is not to be understood as holding that section 1382 of the Penal Code is not constitutional. The effective application by the court of the constitutional guaranty of a speedy trial, in any given case, is wholly aside and apart from the laws adopted by the legislature with respect to procedural matters on the same subject. Therefore, the court's determination of what constitutes a speedy trial does not disturb the full force and effect of section 1382 of the Penal Code.

It is well settled, however, that if the sixty days have elapsed, a defendant will be held to have waived the benefits of the section unless some affirmative action is taken before trial by way of a motion to dismiss. A failure to object to the case being set beyond the sixty-day period is the equivalent of consent. (*People* v. *Rongo,* 169 Cal. 71 [145 Pac. 1017].) However, in setting the case for trial within thirty-one days after the filing of the information, the trial court followed the provisions of section 1382, and therefore such action of the court is not open to objection on a procedural question.

No other questions are raised by the appeal.

The judgment and the order denying the motion for a new trial are affirmed.

Houser, P. J., and York, J., concurred.