[Crim. No. 554.    Fourth Dist.    Feb. 19, 1943.]

THE PEOPLE, Respondent, v. W. H. TULLOS, Appellant.

R. W. Henderson, W. C. Dorris and C. Fleharty, Jr., for Appellant.

Robert W. Kenny, Attorney General, Walter C. Haight, District Attorney, and Robert K. Meyers, Deputy District Attorney, for Respondent.

GRIFFIN, J.—Defendant and appellant W. H. Tullos was charged with the crime of grand theft. The information alleged that on December 27, 1941, he unlawfully took the personal property of the Bank of America National Trust & Savings Association, a corporation (hereinafter called the Bank), consisting of $723.63 in cash. The case was tried by a jury and after instructions were given by the court it returned a verdict of guilty as charged. After denial of a motion for new trial, judgment was pronounced. Defendant appealed.

The evidence shows that the appellant, on November 12, 1941, opened a checking account in the sum of $101.57 with the bank at Visalia under the name of "New Deal Appliance." The account shows that in addition to the original deposit, five additional deposits and numerous withdrawals were made up to and including December 27, 1941, at which time the sum of $723.63 was withdrawn by the appellant personally and the account was closed. A witness by the name of Sweet made a deposit on November 29, 1941, to the account of Olga M. Johnson, as executrix, in the sum of $905, which amount was erroneously credited by some employee in the bank to the New Deal Appliance account. Appellant was the only person authorized to draw checks on that account. The evidence further shows that a bank statement showing a credit of $905 was mailed to the appellant on December 1, 1941, by the bank; that no one in fact deposited the sum of $905 to the account of the New Deal Appliance on November 29, 1941, or at any other time. The sum of $905 was not credited to the account of Olga M. Johnson, as executrix. The error of the bank was not discovered by it until April 10, 1942. Demand by the bank was thereafter made upon appellant for the return of the sum of money involved.

There is no dispute as to the testimony above related. After the People rested their case counsel for the appellant moved the court to "instruct the jury to find a verdict of not guilty on the evidence thus far presented." This motion was denied. Appellant took the stand and testified that he drew several checks on the account opened by him; that he received the statement of account mailed by the bank about December 1st and that he noticed that the credited item of $905 was made to his account at that time; that on December

27th he went to the bank and asked to draw the balance of his account; that the teller went to the ledger, made out a check in the sum of $723.63, the balance then remaining, and that the money was given to him in cash at that time; that that closed the account. When asked in regard to his knowledge of how the sum of $905 came to be credited to his account, he testified that he had a lady friend in Bakersfield from whom he had asked to borrow some money in November, 1941; that she did not have the money then but thought by December 1st, it would be available; that she was going to New York and that if she did not have it by that time she would send it to him; that she asked him how he wanted it sent and he replied that she could just "send it to the bank account, New Deal Appliance," and that when he received his bank account statement showing the extra credit of $905, he "just supposed that had been sent from her." He then testified that the day after withdrawing the money he went to Los Angeles in regard to some foot injury and on his return in April or May, 1942, he found a card on his door to come to the district attorney's office; that he went there and they asked him about some money he owed the bank; that all it "wanted was some money." On cross-examination he testified that he was a business man; that in May he wrote to his lady friend to ascertain if she had deposited the money in his account; that he would not "divulge her name" or "address" for business reasons; that he had borrowed $50 from her on a previous occasion; that there were no arrangements as to when he was to repay her or the amount of interest to be charged; that he spent the $723.63 paying up some of his bills and in the purchase of two trucks. Appellant also testified that a representative of the bank made demand on him for the $905 in Fresno, after his return in May; that he told him that "when I found out if I owed the Bank any money and this friend of mine got back. If I owed any money I would make restoration to pay back; that I would pay it back as I could." The appellant was arrested the next day. None of the money has been repaid.

The court then instructed the jury, and among the many instructions given, one was given in this language:

"You are instructed that if you believe from the evidence in this case beyond a reasonable doubt that the defendant, W. H. Tullos, on or about the time charged in the informa-

tion came into possession of the sum of $723.63, or any other amount over $200 through mistake on the part of the bank and knowing the money not to be his, formed the intent to appropriate it and did appropriate it to his own use, then you should find the defendant, W. H. Tullos, guilty as charged in the information.''

In addition to the claim that the evidence is insufficient to support the verdict of guilty as found by the jury, appellant also claims that the above-quoted instruction is prejudicially erroneous. In addition to the above-mentioned instruction, the trial court instructed the jury in the language of section 484 of the Penal Code reading in part:

''Every person who shall feloniously steal, take, carry, lead, or drive away the personal property of another, or who shall fraudulently appropriate property which has been entrusted to him . . . and thereby fraudulently gets or obtains possession of money, or property . . . of another, is guilty of theft.''

Bearing upon this point, appellant offered and the court gave the following instruction:

''The crime of theft requires a specific intent to steal—in this instance an intent on the part of defendant to convert the property to his own use, with the consequent deprivation of possession and enjoyment by the owners thereof. This specific intent must be proved by the prosecution, the same as any other material fact in the case. It is not presumed from mere possession where the original taking was lawful . . . '' And that ''Felonious intent is an essence of the crime of grand theft. If one, in good faith, takes the property of another, believing it to be legally his own, or that he has a legal right to its possession, he is not guilty of larceny. . . . ''

Any one of the acts denounced in the disjunctive in Penal Code section 484 constitutes the crime of theft, which offense has been substituted for the former separate offenses of larceny, embezzlement, and obtaining money or property under false pretenses. (Pen. Code, sec. 490a.) Although the offense of theft has been substituted for the offenses of larceny, embezzlement and obtaining money or property by false pretenses, no elements of the former crimes have been changed. The elements of the former offenses of embezzlement and larceny and the distinction between them are clearly stated in *People* v. *Bojorquez,* 35 Cal.App. 350, 354 [169 P. 922]. (See, also, *People* v. *Johnson,* 91 Cal. 265 [27 P. 663] ; *People*

v. *Myers,* 206 Cal. 480 [275 P. 219]; *People* v. *Selk,* 46 Cal. App.2d 140 [115 P.2d 607].) While the instruction complained of, when considered alone, may not define all the elements necessary to constitute all the former offenses now contained within the crime of grand theft and essential to a conviction under that charge, yet, when considered in connection with the statutory definition of that offense as given, and particularly the instructions offered by appellant and given by the court, the appellant cannot be heard to complain that the instructions, when considered as a whole, were prejudicially erroneous because they were not a fair statement of the law applicable. ▮ The evidence was sufficient to support the verdict. (*Byrd* v. *State,* 90 Tex.Cr.R. 418 [235 S.W. 891].)

▮ Appellant's claim, that his "motion to *instruct* the jury to acquit" should have been granted, is not well taken. The trial court, in a criminal case, is only authorized to *advise* the jury to acquit but the jury is not bound by the advice. (Sec. 1118, Pen. Code; *People* v. *Daniels,* 105 Cal. 262, 266 [38 P. 720]; *People* v. *Horn,* 70 Cal. 17 [11 P. 470]; *State* v. *Sullivan,* 34 Idaho 68 [199 P. 647, 17 A.L.R. 902].)

▮ No demurrer was interposed to the information under section 1003 of the Penal Code. The allegation in the information that the defendant "unlawfully" took $723.63 in cash, was a sufficient averment of a felony offense without stating that he "feloniously" took that amount. In charging theft it shall be sufficient to allege that the defendant unlawfully took the labor or property of another. (Sec. 952, Pen. Code.) The order denying the motion for new trial was substantially grounded.

Judgment and order affirmed.

Barnard, P. J., and Marks, J., concurred.