Joseph J. Kozinn, J.
The motion of the defendant to set aside the judgment of conviction for the crime of book-making upon the ground that the evidence presented at the trial was insufficient in law and fact to warrant said judgment, is denied. I know of no authority that permits a Trial Judge of this court to set aside a conviction on the grounds urged; were such authority conferred upon me, as the Trial Judge, I would hold, after reading the minutes of the trial, that the conviction should stand. The remedy of the defendant, if he feels aggrieved and wishes to urge such grounds, is by appeal. “ There was no inherent power in any court to grant new trials under the common law and this power can only be conferred upon a court by statute ” (People v. Lamboray, 152 Misc. 206, 207). Subdivision 4 of section 31 of the New York City Criminal Courts Act authorizes this court to apply the provisions of the Code of Criminal Procedure to the practice and procedure in this court, and therefore, a motion for new trial is governed by the provisions thereof with the exception hereinafter noted. This section reads as follows: ‘‘ All sections of the code of criminal procedure consistent with this act regulating and controlling *562 the practice and procedure of the court of general sessions of the peace in the city and county of New York shall apply, as far as may be, to the practice and procedure in the court of special sessions, and shall regulate and control the practice and procedure of the said court, in so far as its jurisdiction and organization will permit.” If we are to consider this an application in arrest of judgment, the defendant fails to meet the requirements of section 331 of the Code of Criminal Procedure. However, statutory authority to grant new trials on the ground of newly discovered evidence, may be found in subdivision 8 of section 31 of the said New York City Criminal Courts Act, which in part, provides as follows: “ The court of special sessions shall have power to grant a new trial where it is made to appear, by affidavit, that upon another trial the defendant can produce evidence such as, if before received, would probably have changed the verdict or judgment; if such evidence has been discovered since the trial, is not cumulative, and the failure to produce it on the trial was not owing to want of diligence ”. If, therefore, the defendant seeks relief upon the ground of newly discovered evidence pursuant to said section, he has failed to say so, and also has failed to meet the requirements therein set forth.