[Civ. No. 20365. First Dist., Div. Two. Apr. 26, 1962.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF SOLANO COUNTY, Respondent; DUANE HOWARD KASPAREK, Real Party in Interest.

[Crim. No. 4078. First Dist., Div. Two. Apr. 26, 1962.]

THE PEOPLE, Plaintiff and Appellant, v. DUANE HOWARD KASPAREK, Defendant and Respondent.

Stanley Mosk, Attorney General, John S. McInerny and Albert W. Harris, Jr., Deputy Attorneys General, for Petitioner, in Civ. No. 20365 and for Plaintiff and Appellant in Crim. No. 4078.

No appearance for Respondent in Civ. No. 20365.

Edmund Pahl for Real Party in Interest in Civ. No. 20365 and for Defendant and Respondent in Crim. No. 4078.

KAUFMAN, P. J.—The People present the same question, both by petition for writ of mandate in Civil No. 20365, and by appeal from an order dated September 18, 1961, dismissing the action against defendant, Duane Howard Kasparek, in Criminal No. 4078. On July 10, 1961, defendant was charged by information with petty theft, and with a prior conviction for petty theft in the Justice Court of Solano County in December, 1958.[1] Defendant was arraigned on July 17, 1961, and on July 24, 1961, duly entered a plea of guilty to the information; no plea was entered as to the prior conviction. Defendant's counsel made a motion to have the matter referred to the probation officer for investigation and for delay in the pronouncement of judgment and sentence. This motion was granted and the matter further continued until September 18, at which time, the court made the following minute order: "Now come Deputy District Attorney E. Glynn Stanley and the defendant and his counsel, Edmund Pahl, to the bar of this Court, this being the time set for further consideration of the report of the Probation Officer and for Pronouncing of Judgment and Sentence. Bernard Dion, Deputy Solano County Probation Officer, is duly sworn and makes his further report. The Court, upon hearing the testimony of Dr. Arnold R. Lewis, who is duly sworn, orders the case dismissed. Defendant is ordered released from custody." On September 21, 1961, the People filed their notice of appeal from this order in Criminal No. 4078, and on December 12 filed the petition for a writ of mandate in Civil No. 20365.

The first question is whether the above mentioned order of September 18 dismissing the action is an appealable order. The right of appeal is statutory. A judgment or order is not appealable unless it is expressly made so by statute. Section 1238 of the Penal Code designates the decisions in a criminal prosecution from which the People can appeal. The People here contend that the subdivisions which are pertinent are: subdivision 1, which provides for an appeal "From an order setting aside the indictment, information, or complaint" and subdivision 5, which provides for an appeal

[1]Pursuant to section 666, subdivision 3 of the Penal Code, petty theft with a prior conviction of petty theft is punishable by imprisonment in the county jail not exceeding one year or in the state prison not exceeding five years. Thus, the matter was properly before the superior court.

"From an order made after judgment, affecting the substantial rights of the people." ▮ Subdivision 1 of section 1238 has been generally understood to refer to an order setting aside the indictment or information on the grounds stated in section 995 of the Penal Code, i.e., in the case of an information on the ground (1) "That before the filing thereof the defendant had not been legally committed by a magistrate" or (2) "That the defendant had been committed without reasonable or probable cause." In the case at hand, the order of dismissal was clearly not setting aside an information for such a defect in the proceeding. Furthermore, the effect of the order was not merely to set aside the information, but to dismiss the action. ▮ As no judgment was ever made or entered, the order of September 18 was clearly not an order after judgment under subdivision 5 of section 1238 of the Penal Code.

Rather, it appears from the record that the court was exercising its power to dismiss on its own motion pursuant to section 1385 of the Penal Code, which provides: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." ▮ It is well recognized that an order of dismissal in furtherance of justice, pursuant to section 1385 of the Penal Code, is not within the terms of section 1238 and, therefore, is not appealable. In dismissing a similar appeal in *People* v. *Valenti*, 49 Cal.2d 199 [316 P.2d 633], the Supreme Court, quoting from the opinion of this court in *People* v. *Knowles*, 27 Cal.App. 498, 506 [155 P. 137], said: " 'The cases in which an appeal may be taken by the people are specifically set forth in section 1238 of the Penal Code, and it is well settled that such an appeal will not lie except in a case so specified. The order here appealed from was both in form and in substance and effect one dismissing the action against this defendant. The only subdivision of section 1238 of the Penal Code, that could by any possibility be suggested as including the order before us is subdivision 1, which provides that an appeal may be taken by the people "from an order setting aside the indictment or information." As we have said, the order under consideration here was one granting a motion to dismiss the action. [It is to be noted that the court by this reiteration empha-

sized that the order in question was one *dismissing the action.*] The motion therefor was made on the trial, after issue joined on the merits by plea of not guilty, and was not based on any ground specified in our law as cause for setting aside an indictment, but was designed solely to prevent the further prosecution of the action. . . . The superior court had the *power* to dismiss the action, and the legislature having restricted the right of appeal by the people to certain specified cases of which this is not one, there can be no review of its action.' "

The order here does not purport to be one dismissing the action "in furtherance of justice" but even if we assume it to be of such character, it would not, as such, be appealable. The question of the appealability of such an order made under section 1385 is discussed in *People* v. *More,* 71 Cal. 546 [12 P. 631]. It is there said: "It is certainly not one of the enumerated cases in which a right of appeal is given by section 1238 of the code, and there is no other statutory provision giving such right." It is contended here, however, by the People that we should follow *People* v. *Superior Court,* 118 Cal.App.2d 700 [258 P.2d 1087], and find the order appealable. We cannot agree as that case dealt with an order granting probation after judgment, while the order in question is, in its nature and character, one from which the People cannot appeal. As pointed out in *People* v. *More, supra,* the power under which the order was made (§ 1385) is substantially as that held by the Attorney General in England and by the prosecuting officer in many of the American states to enter a nolle prosequi. ██ In this state, the nolle prosequi has been abolished and the plenary authority to dismiss a criminal action has been transferred to the court (*People* v. *Romero,* 13 Cal.App.2d 667 [57 P.2d 557]). Thus, in this state, the court, for the purposes of the order of dismissal, takes charge of the prosecution and acts for the People. The court thus having acted for the People and under express power granted by them so to act in the criminal prosecution, there is no appeal on their part for such action. ██ Thus, we can only conclude that the instant case does not come within the rule of any of the factual situations which have been recognized as affording the People a right of appeal (*People* v. *Valenti, supra;* cf. *People* v. *Ehrhart,* 196 Cal.App.2d 468 [16 Cal.Rptr. 606]).

██ The next question then is whether the writ of mandate is proper remedy. The People contend that under the

circumstances here presented, the trial court acted in excess of its jurisdiction in dismissing the action. We agree. There is no question that the defendant, who was represented by counsel, duly and properly entered a valid plea of guilty. As the effect of a plea of guilty is to admit all of the elements of the crime charged, he stood convicted of the offense in the eyes of the law.

As stated in *Stephens* v. *Toomey,* 51 Cal.2d 864 [338 P.2d 182], the power of the court in dealing with an offender to be sentenced for judgment on a plea or verdict of guilty is limited to either sentencing the defendant, suspending execution of sentence and entertaining an application for probation, or withhold the imposition of judgment and place the defendant on probation. We have found no authorities to indicate that the court can arbitrarily dismiss the case. The situation is not like the one on a motion for a new trial, where the court has discretion to reweigh the evidence as on a duly entered plea of guilty, there is no evidence to be weighed. Thus, the court had no discretion except to sentence the defendant or grant probation in a lawful manner *(Stephens* v. *Toomey, supra).*

The writ of mandate lies to compel the performance of an act by the court which the law specifically enjoins as a duty resulting from an office, trust or station (Code Civ. Proc., § 1085). When a court in a criminal case acts in excess of jurisdiction and without authority of law and there is no remedy by appeal, a writ of mandate will issue upon petition of the People to set aside the order or judgment and compel the trial court to pronounce judgment in the manner provided by law *(People* v. *Superior Court,* 202 Cal. 165 [259 P. 943]).

In view of the foregoing, the appeal in Criminal No. 4078 is hereby dismissed as a purported appeal from a nonappealable order, and it is ordered that a peremptory writ of mandate be issued in Civil No. 20365, directing the trial court to arraign the defendant for judgment and proceed as provided by law.

Shoemaker, J., and Agee, J., concurred.