[Civ. No. 11296.   Third Dist.   Feb. 8, 1966.]

THE PEOPLE, Petitioner, v. THE SUPERIOR COURT OF BUTTE COUNTY, Respondent; EGON V. JONSSON et al., Real Parties in Interest.

Thomas C. Lynch, Attorney General, and Raymond M. Momboisse, Deputy Attorney General, for Petitioner.

No appearance for Respondent.

Paul F. Byrne and Perry M. Farmer for Real Parties in Interest.

BRAY, J.*—Petitioner, The People of the State of Cali-

*Retired Presiding Justice of the District Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

fornia, seeks a writ of mandate for appropriate relief from a judgment of the Superior Court of Butte County ordering judgment of acquittal of Egon V. Jonsson and Gert Jonsson, real parties in interest, who were defendants in the criminal action, to be entered on Count XIX of the indictment.

### QUESTION PRESENTED

Does the superior court have jurisdiction in a criminal case on a motion for judgment notwithstanding the verdict and, in the alternative, motion for new trial, to enter a judgment notwithstanding the verdict of the jury? In other words, does a motion for judgment notwithstanding the verdict lie in a criminal action?[1]

### RECORD

The two Jonssons were charged in an indictment returned in the Superior Court of Butte County on a number of counts with violations of sections 25500-26104, subdivision (f), 26104, subdivision (a), Corporations Code; and sections 182, 476a, 484-487, Penal Code. A jury verdict found Egon V. Jonsson guilty on certain of the counts, one of which was Count XIX, and Gert Jonsson guilty on Count XXX (criminal conspiracy) with certain overt acts, one of which is detailed in Count XIX.

After the cause was referred to the probation officer for report, defendants filed a notice of motion for a judgment notwithstanding the verdict or, in the alternative, a motion for new trial as to Count XIX (grand theft), and the overt act in the charge of conspiracy against both defendants. On the hearing of the motion, the court ordered that judgment of acquittal notwithstanding the verdict be entered on Count XIX. Thereafter, probation was granted defendants, who did not appeal. However, the People have appealed from the order granting the judgment notwithstanding the verdict, and have petitioned this court for writ of mandate directing the respondent superior court to revoke the judgment notwithstanding the verdict and of acquittal and to either sentence defendant Egon V. Jonsson or grant him probation.

### SUPERIOR COURT HAS NO JURISDICTION TO ENTER JUDGMENT NOTWITHSTANDING THE VERDICT.

As petitioner points out, section 1238, Penal Code, which

---

[1]Defendants' counsel has filed no brief herein, but has notified this court that he does not oppose the petition and does not disagree with the State's position herein.

sets forth the orders and judgments from which the People may take an appeal in a criminal case, makes no mention of the character of order here made nor provision for an appeal therefrom. As said in *People* v. *Superior Court* (1962) 202 Cal.App.2d 850, 852 [21 Cal.Rptr. 178], where at the time of pronouncing judgment and sentence the trial court ordered the case dismissed and the defendant discharged from custody, "The right of appeal is statutory. A judgment or order is not appealable unless it is expressly made so by statute. Section 1238 of the Penal Code designates the decisions in a criminal prosecution from which the People can appeal."

■ As the order and judgment in question are not appealable, this proceeding in mandate is the proper and only method of attacking them. (See *People* v. *Superior Court* (1962) 199 Cal.App.2d 303, 305 [18 Cal.Rptr. 557]; *Andrews* v. *Superior Court* (1946) 29 Cal.2d 208, 214 [174 P.2d 313].)

Our attention has been called to no authority, and we have found none, providing for a motion for judgment notwithstanding the verdict in a criminal case. Section 1181, Penal Code, provides that, under certain situations, none of which are applicable here, the trial court may on a motion for new trial modify the verdict, finding or judgment without granting a new trial, in certain respects, but no provision is made for modifying them to the extent of granting an acquittal after a jury finding of guilt.

Section 1385, Penal Code, provides in pertinent part: "The court may, either of its own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons of the dismissal must be set forth in an order entered upon the minutes." The court did not purport to be proceeding under this section, as no reason for its action is set forth in the minutes. As said in *People* v. *Shaffer* (1960) 182 Cal.App.2d 39, 45 [5 Cal.Rptr. 844], an order dismissing a criminal action cannot be considered an order of dismissal under section 1385 if it is devoid of the " 'reasons of the dismissal.' " Moreover, the order did not purport to order the action to be dismissed. It purported to grant an acquittal. ■ Section 1385 does not give the court the right to disregard the verdict of the jury and to enter judgment contrary to the verdict of the jury.

In *People* v. *Superior Court* (1927) 202 Cal. 165 [259 P. 943], where the jury found the defendant guilty of murder in the first degree, the trial court denied a motion for new

trial and then rendered judgment of murder in the second degree, the reviewing court said (pp. 169-170) : "It was the legal duty of the court either to pronounce judgment upon the verdict as rendered in obedience to the law's mandate or grant a new trial, if so advised."

In *People* v. *Superior Court, supra* (1962) 202 Cal.App.2d 850, the defendant pleaded guilty to the crime charged. At the time set for hearing the report of the probation officer and for pronouncing judgment and sentence, the court ordered the case dismissed and the defendant discharged from custody. After pointing out, as we have hereinbefore shown, that no appeal lies from such order and that mandamus was the proper remedy for the People to pursue, the reviewing court stated (at p. 855) : "As stated in *Stephens* v. *Toomey*, 51 Cal.2d 864 [338 P.2d 182], the power of the court in dealing with an offender to be sentenced for judgment on a plea or verdict of guilty is limited to either sentencing the defendant, suspending execution of sentence and entertaining an application for probation, or withhold the imposition of judgment and place the defendant on probation. We have found no authorities to indicate that the court can arbitrarily dismiss the case. The situation is not like the one on a motion for a new trial, where the court has discretion to reweigh the evidence as on a duly entered plea of guilty, there is no evidence to be weighed. Thus the court had no discretion except to sentence the defendant or grant probation in a lawful manner. . . ."

"California criminal practice does not authorize a motion for a directed verdict or a dismissal for insufficiency of evidence." (Witkin, Cal. Criminal Procedure (1963) § 500, p. 506, citing *People* v. *Tullos,* 57 Cal.App.2d 233, 238 [134 P.2d 280] ; *People* v. *Faber,* 29 Cal.App.2d Supp. 751, 758-759 [77 P.2d 921] ; see also *People* v. *Grace,* 88 Cal.App. 222, 237-238 [263 P. 306].)

In other jurisdictions, it has been held that where there is no statutory provision, the court in a criminal case cannot order a judgment of acquittal notwithstanding the verdict. (*State* v. *Moreno,* 92 Ariz. 116 [374 P.2d 872, 873-874]) ; *People* v. *Schirtzer,* 6 Misc.2d 561 [162 N.Y.S.2d 417] ; *Commonwealth* v. *Ornato,* 191 Pa. Super. 581 [159 A.2d 223] ; Note 131 A.L.R. 187.)

As there is no such proceeding in a criminal action as a motion for judgment notwithstanding the verdict, and as the court, having failed to grant a new trial, had only the

power to sentence defendant or grant probation in a lawful manner, the order and the judgment of acquittal notwithstanding the verdict are void.

Let a peremptory writ issue commanding respondent superior court to set aside the order and judgment and to either sentence defendants on Count XIX, grant a new trial or grant probation, as the court may be advised.

Pierce, P. J., and Friedman, J., concurred.