[Civ. No. 12040. Third Dist. Apr. 17, 1970.]

FREDERICK H. POWERS, Plaintiff and Respondent, v.
DEPARTMENT OF MOTOR VEHICLES, Defendant and Appellant.

## COUNSEL

Thomas C. Lynch, Attorney General, Richard K. Turner and Anthony S. DaVigo, Deputy Attorneys General, for Defendant and Appellant.

Ahrbeck & Cannan and Jess D. Cannan for Plaintiff and Respondent.

## OPINION

**BRAY, J.** ⃰—The Department of Motor Vehicles appeals from a judgment granting a peremptory writ of mandate compelling the department to rescind an order of suspension and restore the license of petitioner.

### QUESTION PRESENTED

The sole question herein is whether a plea of guilty and forfeiture of, bail followed by a dismissal is sufficient to constitute a conviction within Vehicle Code section 13103.

### FACTS

On April 7, 1962, petitioner was arrested for driving while under the influence of intoxicating liquor. On April 9 a complaint was filed in the Justice Court of Anderson Judicial District, Shasta County, charging him with violation of section 23102, subdivision (a), of the Vehicle Code (misdemeanor drunk driving). The court record is most confusing and even contradictory. It indicates that on June 6 petitioner pleaded both guilty and not guilty. He forefited bail in the sum of $276. The same day the judge issued an order to the county auditor to draw warrants payable to the Anderson Justice Court for $276 and to petitioner for $39.

On June 25 the District Attorney of Shasta County filed a request for dismissal of the complaint against petitioner "in the interest of Justice *in that bail has been forfeited.*" (Italics added.) On the court docket appears an entry, appearing as made on June 6, "Case dismissed in the interest of Justice, *in that bail has been forfeited.*" (Italics added.) (Obviously this entry must have been made after June 25, the date of the district attorney's request.) On July 5 an abstract of judgment showing bail forefit of $276 and "Case dismissed in the interest of Justice" was mailed to the Attorney General. On July 27 the judge wrote the Division of Drivers' Licenses, Department of Motor Vehicles, stating that in reporting the disposition of this matter, the judge neglected "to inform your department that the Court had made a recommendation against any suspension of driving privileges."

The Department of Motor Vehicles, pursuant to section 13352, subdivision (a), suspended petitioner's operator's license for six months, effective June 6, 1962. Subsequently, on receipt of the judge's letter, the suspension was set aside.

On March 16, 1967, in the Justice Court of Redding Judicial District,

⃰Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

petitioner entered a plea of guilty and was convicted of a violation of section 23102, subdivision (a) (misdemeanor drunk driving), and on April 18 the Department of Motor Vehicles, pursuant to section 13352, subdivision (c), suspended petitioner's driver's license for one year, effective March 16, 1967.

Petitioner then petitioned the Shasta County Superior Court for a writ of mandate to compel the department to rescind the order of suspension of April 18 and to restore petitioner's operator's license, which writ was granted.

### THE FORFEITURE OF BAIL CONSTITUTED A CONVICTION REGARDLESS OF THE DISMISSAL THEREAFTER

Section 13103 provides in pertinent part that for the purposes of the division of the code dealing with the suspension or revocation of an operator's license "a forfeiture of bail . . . constitutes a conviction of any offense prescribed by this code" with certain exceptions not relevant here.

Section 1803 dealing with "Report of Convictions" provides "For the purposes of this section, a forfeiture of bail shall be equivalent to a conviction."

Thus, the moment petitioner forfeited his bail he was "convicted" of the charge filed.

Section 13352 provides that for a first conviction of driving a motor vehicle while under the influence of intoxicating liquor his operator's license shall be suspended for six months "unless the court . . . recommends no suspension."

Subdivision (c) of that section provides that for a second conviction his license shall be revoked for a period of one year. Petitioner has suffered two convictions[1] of driving a motor vehicle under the influence of intoxicating liquors, hence the Motor Vehicle Department properly suspended his license for one year.

There are two reasons why the purported dismissal of the first conviction after forfeiture of bail could not affect the duty of the Motor Vehicle Department to suspend petitioner's license. One, regardless of what happens after forfeiture, the statute provides that for the purpose of license suspension the forfeiture is a conviction. Thus, if the court had the power thereafter to dismiss the charge, nevertheless for the purpose of license

---

[1] Petitioner's second conviction indicates that the tenderness shown by both the judge and the district attorney in reference to the first conviction was badly misplaced.

suspension, petitioner remained convicted. ■ Secondly, after conviction the court had no power to dismiss the complaint. The complaint had served its purpose and became *functus officio*. The forfeiture and the conviction resulting therefrom were never set aside. In fact, the reason given for the attempted dismissal was that the forfeiture was still in effect.

Somewhat analagous to the situation here is that in *People* v. *Superior Court* (1962) 202 Cal.App.2d 850 [21 Cal.Rptr. 178], where the trial court attempted to dismiss the complaint after the defendant had pleaded guilty to it. It was held that the court had no authority to dismiss the complaint after the plea of guilty. (See *People* v. *Superior Court* (1966) 240 Cal.App. 2d 90 [49 Cal.Rptr. 365], holding that the court had no power to enter a judgment of acquittal notwithstanding the verdict after a jury verdict of guilty.)

There can be no question that the bail was forfeited. Not only does the record show it, but the court ordered the bail transferred to the court from the county treasury.

The judge of the Anderson court, herself, considered that there was a conviction which required petitioner's license be suspended except for her request that it not be suspended. This is evidenced by her letter to the department recommending no suspension.

The judgment is reversed and the trial court is directed to recall the peremptory writ of mandate issued under it. The Motor Vehicle Department's action in suspending petitioner's operator's license for the period of one year is approved. No credit shall be allowed for the time during which the enforcement of said suspension was suspended by said judgment and writ.

Friedman, Acting P. J., and Regan, J., concurred.

A petition for a rehearing was denied May 13, 1970.