# IN THE SUPREME COURT OF CALIFORNIA

THE PEOPLE,
Plaintiff and Appellant,

v.

YACOB DAWIT DAIN,
Defendant and Respondent.

S283924

First Appellate District, Division Two
A168286

Sonoma County Superior Court
SCR-709053-1

August 4, 2025

Justice Kruger authored the opinion of the Court, in which Justices Corrigan, Liu, Groban, Jenkins, and Evans concurred.

Chief Justice Guerrero filed a dissenting opinion.

PEOPLE v. DAIN

S283924

Opinion of the Court by Kruger, J.

Penal Code section 1385, subdivision (a) gives trial courts the power to dismiss a criminal action "in furtherance of justice." We have held that a trial court may exercise this power to dismiss allegations or findings that a defendant has previously been convicted of a serious and/or violent felony that would otherwise count as a "strike" under the "Three Strikes" law. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529–531 (*Romero*).)

In *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*), we undertook to provide comprehensive guidance for adjudicating so-called *Romero* motions to dismiss a defendant's strike or strikes. We instructed that a trial court must consider whether, "in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part . . . ." (*Id.* at p. 161.) If the trial court determines the motion should be granted, it must state its reasons on the record. (*Ibid.*) The Court of Appeal then reviews those reasons to determine whether the trial court has acted within its discretion. (*Id.* at p. 162.)

In this case we address a further question that *Williams* touched on but did not discuss in depth: If the Court of Appeal finds that a trial court has abused its discretion in granting a

1

*Romero* motion, what is the proper remedy?  Here, a trial court initially denied the defendant's *Romero* motion but later reversed course and dismissed the defendant's strike.  The Court of Appeal held that the trial court had abused its discretion because the trial court's stated reasons for dismissing the strike were legally insufficient.  The appellate court remanded the case with directions for the trial court to reinstate the strike and resentence the defendant accordingly under the Three Strikes law.

We conclude that rather than dictating the sentence to be imposed on remand, the Court of Appeal should have afforded the trial court its usual discretion to rule on the *Romero* motion, this time based on a correct understanding of the law.  We reverse the judgment of the Court of Appeal and remand with instructions to return the case for resentencing in accordance with this opinion.

## I.

The Three Strikes law prescribes an increased term of incarceration for criminal defendants who have sustained one or more prior "strike" convictions — that is, convictions for felonies categorized as "serious" or "violent."  (Pen. Code, §§ 667, subd. (e), 1170.12, subd. (c); see *id.*, § 1192.7, subd. (c) [defining "serious felony"]; *id.*, § 667.5, subd. (c) [defining "violent felony"]; see generally *In re Milton* (2022) 13 Cal.5th 893, 900.)  If the defendant's current offense is serious or violent, and if the defendant has one pleaded and proved prior strike, "the determinate term or minimum term for an indeterminate term shall be twice the term otherwise provided as punishment for the current felony conviction."  (Pen. Code, §§ 667, subd. (e)(1), 1170.12, subd. (c)(1).)  If the defendant's current offense is

serious or violent, and if the defendant has two or more pleaded and proved prior strikes, "the term for the current felony conviction shall be an indeterminate term of life imprisonment with a minimum term of the indeterminate sentence" of at least 25 years. (*Id.*, §§ 667, subd. (e)(2)(A), 1170.12, subd. (c)(2)(A).)

In 2019, a jury convicted defendant Yacob Dawit Dain of home invasion robbery and burglary, as well as of various offenses directed against the home's occupants, including assault with a firearm, kidnapping, and false imprisonment. (Pen. Code, §§ 211, 213, subd. (a)(1)(A) [home invasion robbery], 459 [first degree burglary], 245, subd. (a)(2) [assault with a firearm], 207, subd. (a) [kidnapping], 236 [false imprisonment].) As to two of the false imprisonment counts, the jury also found true the enhancement allegation that a principal in the offense was armed with a firearm. (*Id.*, § 12022, subd. (a)(1); see *People v. Dain* (2024) 99 Cal.App.5th 399, 404–405 (*Dain*).) The trial court found true allegations that Dain had two prior strikes under the Three Strikes law, based on 2006 and 2007 convictions for felony active participation in a criminal street gang. (Pen. Code, § 186.22, subd. (a); see *Dain*, at p. 406.)

Dain filed a *Romero* motion asking the court to dismiss the two prior strikes.[1] (*Dain*, *supra*, 99 Cal.App.5th at p. 406.) The court denied the motion. The court cited Dain's unabated criminal history following the 2006 and 2007 convictions and the " 'terrorizing' " nature of his current offenses. (*Id.* at pp. 406–407.) The court sentenced Dain to a determinate prison term of

---

[1]     Although a defendant does not have a statutory right to file a motion under Penal Code section 1385, the defendant can " 'invite the court to exercise its power' " to dismiss prior strikes. (*People v. Carmony* (2004) 33 Cal.4th 367, 375.)

30 years and a consecutive indeterminate term of 27 years to life.  (*Id.* at p. 407.)

On appeal, the Court of Appeal reversed the trial court's findings that Dain's prior Penal Code section 186.22, subdivision (a) convictions on their face qualified as strikes, given recent judicial authority clarifying that the scope of the offense was narrower than courts had previously assumed.  (*Dain*, *supra*, 99 Cal.App.5th at p. 407 & fn. 4.)

At Dain's 2023 resentencing, the District Attorney conceded that his 2007 conviction did not qualify as a prior strike conviction and alleged only his 2006 conviction as a strike.  (*Dain*, *supra*, 99 Cal.App.5th at pp. 407–408.)  The trial court found that the 2006 conviction qualified as a strike, and Dain filed a new *Romero* motion once again seeking to dismiss the strike.  (*Id.* at p. 408.)

This time, at the outset of the hearing on Dain's motion, the court stated its intention to dismiss the remaining strike. The court cited as reasons the recent passage of several pieces of ameliorative sentencing legislation, as well as the age (or "remoteness") of the 2006 strike, and "other factors" the court did not specify:

> I think the spirit of the law changes to apply to this case in several instances and it is my intent as a tentative ruling to strike the strike, grant the *Romero*, I think the date of that [strike sentencing] being in 2007, plus some other factors would be . . . appropriate in this case.  [¶] . . . [¶]  . . . [S]ince June of 2019, in these four years our California legislature has made it very clear things are changing, the law is changing. . . .  [¶] . . . [¶] . . . [I]n my reflection of what the spirit of the law is, . . . I think the

legislature has been very clear that things are different, remoteness does count and I think under the current case law it's appropriate to strike.

The District Attorney expressed surprise at the court's change of heart since the previous *Romero* hearing. She argued that the legislative changes that the trial court perceived as having altered the "spirit of the law" were irrelevant because none had changed the Three Strikes law; further, many of the changes did not apply to serious or violent felonies like Dain's. Defense counsel, by contrast, immediately concurred with the trial court's assessment of the effects of recent legislative changes to sentencing laws and asked the court to follow its inclination to grant the *Romero* motion. The trial court dismissed the 2006 strike and imposed a sentence of eight years and eight months, rather than the 16 years and eight months Dain would have received with the strike. (*Dain, supra*, 99 Cal.App.5th at p. 408.)

The Court of Appeal reversed. The court began by reviewing the two reasons the trial court had given for its ruling on the *Romero* motion. Citing appellate precedent, the Court of Appeal found insufficient the trial court's reliance on the remoteness of the 2006 strike, absent evidence that Dain had "reformed his ways" since that conviction. (*Dain, supra*, 99 Cal.App.5th at p. 416; see *ibid.* [citing cases].) The court also found improper the trial court's reliance on what it perceived as a change in the "spirit" of other laws, or in the " 'spirit' of sentencing laws in general," rather than any change in the Three Strikes law. (*Id.* at p. 416.)

After addressing the trial court's reasons, the Court of Appeal conducted its own review of the record and determined

that it contained "nothing favorable to defendant about his current or prior convictions or his background, character, or prospects," such that Dain "[could not] be deemed outside the spirit of the Three Strikes law." (*Dain*, *supra*, 99 Cal.App.5th at p. 415; see *id.* at p. 416.) The Court of Appeal "remanded with directions to reinstate the strike finding and to resentence [Dain] as a person who has suffered a prior strike conviction under the Three Strikes law." (*Dain*, at p. 418.)

Dain petitioned for review. We granted the petition, limited to the following question: "Did the Court of Appeal err in remanding the case with directions to reinstate the strike finding and to resentence defendant as a person who has suffered a prior strike conviction under the Three Strikes law?"

## II.

## A.

The narrow issue on review does not concern the merits of the Court of Appeal's determination that the trial court erred when it dismissed Dain's prior strike, but instead concerns the remedy for that error. To understand this narrow remedial issue, however, we begin by reviewing the broader legal framework governing the adjudication of motions to dismiss strikes under *Romero*, *supra*, 13 Cal.4th 497.

Penal Code section 1385 provides, in pertinent part: "The judge or magistrate may, either on motion of the court or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed." (Pen. Code, § 1385, subd. (a) (section 1385(a)).) This provision, whose origins trace to the earliest days of statehood, reflects "California's rejection of the English rule of nolle prosequi, under which the prosecutor alone had authority to discontinue a prosecution" in favor of a

rule "granting sole authority to the courts to dismiss actions in furtherance of justice." (*People v. Bonnetta* (2009) 46 Cal.4th 143, 148–149 (*Bonnetta*); accord, e.g., *People v. More* (1887) 71 Cal. 546; see Stats. 1850, ch. 119, § 629, p. 323.)

California case law has long held that the statutory power to dismiss an action encompasses "the lesser power to strike factual allegations relevant to sentencing, such as the allegation that a defendant has prior felony convictions." (*Romero*, *supra*, 13 Cal.4th at p. 504; see *id.* at p. 508 [discussing cases].) In *Romero*, we considered whether this power extends to the dismissal of allegations or findings that a defendant had previously been convicted of one or more strikes for purposes of sentencing under the then-recently enacted Three Strikes law. We answered yes, explaining that the Three Strikes law does not displace section 1385, but in fact explicitly refers to and incorporates it. (*Romero*, at pp. 529–530; *People v. Garcia* (1999) 20 Cal.4th 490, 499 (*Garcia*) ["[B]y referencing section 1385, the Three Strikes law incorporated that section without limitation"].)

*Romero* cautioned that a trial court's discretion to dismiss strikes is not unbounded; it is, rather, constrained by general legal principles governing dismissals " ' "in furtherance of justice" ' " and is subject to review for abuse of discretion. (*Romero*, *supra*, 13 Cal.4th at p. 530; see *Williams*, *supra*, 17 Cal.4th at pp. 158–161; *People v. Carmony* (2004) 33 Cal.4th 367, 374 (*Carmony*).) We elaborated on these constraints in *Williams*, in which we undertook to provide comprehensive guidance for the adjudication of *Romero* motions. We instructed: "[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance

of justice' pursuant to Penal Code section 1385(a), or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*Williams*, at p. 161.) We contrasted factors "intrinsic" to the Three Strikes law with "extrinsic" factors, such as " ' "judicial convenience" ' " or "bare antipathy to the consequences for any given defendant," that cannot be considered in deciding whether to strike a prior strike. (*Williams*, at pp. 161, 159.)

*Williams* further instructed that if a court exercises its discretion to dismiss the strike, it must document its reasons on the record. (§ 1385(a).)[2] This statutory documentation requirement " 'anticipates, and facilitates, appellate review.' " (*Williams*, *supra*, 17 Cal.4th at p. 159.) If the court fails to document its reasons, "the record does not contain all of the

---

[2]    Section 1385 currently requires that "[t]he reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes if requested by either party or in any case in which the proceedings are not being recorded electronically or reported by a court reporter." (§ 1385(a).) An earlier version of this provision required that in all cases trial courts specifically set forth their reasons in an order entered upon the minutes. (*Romero*, *supra*, 13 Cal.4th at p. 531; *Williams*, *supra*, 17 Cal.4th at p. 159; Stats. 2014, ch. 137, § 1 (Sen. Bill No. 1222) [amendment to no longer require the reasons to be set forth in an order entered upon the minutes in all cases].)

material a reviewing court should consider in deciding whether the trial court properly exercised its discretion." (*Romero, supra*, 13 Cal.4th at pp. 529–532.) A dismissal order unaccompanied by a statement of reasons is thus "ineffective on procedural grounds." (*Williams*, at p. 161; *Wheeler v. Appellate Division of Superior Court* (2024) 15 Cal.5th 1193, 1205.)

Within these general bounds, trial courts exercise substantial discretion in adjudicating *Romero* motions, as they do in other matters concerning criminal sentencing. (*In re Large* (2007) 41 Cal.4th 538, 550 (*Large*); *People v. Rodriguez* (1998) 17 Cal.4th 253, 257 (*Rodriguez*); *People v. Fuhrman* (1997) 16 Cal.4th 930, 942 (*Fuhrman*); *Romero, supra*, 13 Cal.4th at p. 530, fn. 13.) An appellate court's role in reviewing a trial court's dismissal decision is necessarily more constrained.

*Williams* instructs that, on appeal from a decision to strike, the appellate court reviews the trial court's stated reasons and the record for improper exercises of discretion. (*Williams, supra*, 17 Cal.4th at pp. 161–162; *Bonnetta, supra*, 46 Cal.4th at p. 151.) This review is deferential. As we have explained in other cases since *Williams*, an appellate court may not substitute its judgment about appropriate sentencing for that of the trial court, but instead must give due regard to the discretion vested in that court. (*Carmony, supra*, 33 Cal.4th at p. 378; *Bonnetta, supra*, 46 Cal.4th at pp. 151–152; 9 Witkin, Cal. Procedure (6th ed. 2021) Appeal, § 382, pp. 416–417.) The appellate court can find a reversible abuse of discretion only if it concludes that no reasonable judge would have agreed with the trial court's decision. (See *Carmony*, at p. 378; *Romero, supra*, 13 Cal.4th at pp. 530–531.) Unless that standard is met, the appellate court must affirm the decision, even if it "might

have ruled differently" on the *Romero* motion "in the first instance." (*Carmony*, at p. 378.)

**B.**

Neither *Williams* nor *Romero* before it provided express instructions about what to do once the Court of Appeal finds that the trial court abused its discretion in dismissing a prior strike. But both opinions nonetheless touched on this remedial question in the course of resolving the particular cases before them. In *Romero*, although we affirmed the trial court's power to dismiss strikes, we held that the particular dismissal order at issue in the case was ineffective because the court had failed to state its reasons. (*Romero, supra,* 13 Cal.4th at pp. 529–532.) Because the defendant had pleaded guilty in reliance on the trial court's indication that it would dismiss the strike, we concluded that the appropriate remedy under the circumstances was "to vacate the judgment, to permit defendant to withdraw his plea, and otherwise to proceed in conformity with this opinion." (*Id.* at p. 532.)

*Williams*, much like *Romero*, involved an unexplained dismissal order that apparently influenced the defendant to enter a guilty plea. In *Williams*, much as in *Romero*, we held that the trial court's dismissal order was ineffective for failure to give reasons. We went on to opine that, based on the record before us, "Williams [could not] be deemed outside the spirit of the Three Strikes law in any part, and hence may not be treated as though he had not previously been convicted of t[wo] serious and/or violent felonies." (*Williams, supra,* 17 Cal.4th at p. 163.) But despite this pronouncement, we concluded that the Court of Appeal had been "altogether wrong" when it directed the trial court to resentence the defendant as a person who had suffered

two prior strike convictions. (*Id.* at p. 164; see *id.* at pp. 157–158.) We concluded that the appropriate remedy under the circumstances was the same remedy we had ordered in *Romero*: to vacate the defendant's sentence and remand the case to permit Williams to withdraw his guilty plea and let the trial court exercise its sentencing discretion in conformity with the law. (*Williams*, at p. 165.) We then provided additional instructions for the proceedings on remand: "On remand here, if the material and information set out again prove to be the same as that set out before, the superior court cannot rule as it did originally, inasmuch as its order was erroneous. But if such material and information turn out to be different, it is not bound." (*Id.* at p. 164, fn. 7.)

Few courts have discussed the question of appellate remedies in any depth. Some Courts of Appeal, following *Williams*, have ordered open-ended remands to permit the trial court the full scope of its discretion on remand, based on the law as clarified by the appellate court. (*People v. McGlothin* (1998) 67 Cal.App.4th 468, 478 (*McGlothin*) ["We decline the Attorney General's invitation to dictate what sentence the trial court should impose"]; *People v. Humphrey* (1997) 58 Cal.App.4th 809, 813 (*Humphrey*) [rejecting the District Attorney's argument that "remand is inappropriate because, given defendant's record, it would be unreasonable as a matter of law for any sentencing court to strike a serious prior felony conviction"]; see also *People v. Mayfield* (2020) 50 Cal.App.5th 1096, 1109–1110 (*Mayfield*).) Others, however, have issued orders much like the order the Court of Appeal issued in this case, directing the trial court to reinstate the relevant strike or strikes and sentence the defendant accordingly. (*People v. Strong* (2001) 87 Cal.App.4th 328, 347 (*Strong*) [letting the trial court " 'reconsider its ruling' "

on remand would be "an idle exercise based on [the defendant's criminal] record" because "it would be a manifest abuse of discretion to find him outside the law's spirit"]; *People v. Gaston* (1999) 74 Cal.App.4th 310, 323 (*Gaston*) [remanding with directions to reinstate the defendant's second prior strike finding and resentence him as a person who has suffered two prior strike convictions].)

## III.

Although *Williams* did not purport to provide comprehensive guidance on the subject of appellate remedies, what *Williams* said about the appropriate remedy in that case suggests an answer to the remedial question we confront here: When a trial court has abused its discretion in granting a *Romero* motion, the ordinary remedy is to remand for resentencing, at which time the trial court may again exercise its sentencing discretion, this time based on a proper understanding of the governing law.

It is true, as the District Attorney and our dissenting colleague emphasize, that *Williams* dealt with a situation in which the trial court's error in adjudicating the *Romero* motion required unwinding a guilty plea entered in reliance on the trial court's willingness to strike his prior. (*Williams, supra*, 17 Cal.4th at pp. 164 & fn. 7, 165; see dis. opn. of Guerrero, C. J., *post*, at p. 2; see also *Mayfield, supra*, 50 Cal.App.5th at pp. 1109–1110 [remanding for the case to be "returned to [the] status quo" before the defendant pleaded guilty in response to the court's offer to strike a prior strike].) But *Williams* is instructive even for cases, like this one, that arise in a different posture. After all, in *Williams* we concluded that the trial court's dismissal order was not justified based on what we could

glean from the record before us; based on that record, we opined that the defendant "cannot be deemed outside the spirit of the Three Strikes law in any part." (*Williams*, at p. 163.) Had we thought this reason enough to foreclose further consideration of the issue on remand, we could have issued instructions to allow the defendant to withdraw his plea while making clear that the trial court could not dismiss the strike on resentencing. We instead allowed for the possibility that the trial court could again dismiss the strike on resentencing, provided that the relevant "material and information turn[ed] out to be different" this time. (*Id.* at p. 164, fn. 7.)[3]

The approach we took in *Williams* accords with established principles governing the review of discretionary sentencing decisions. As a rule, " ' "[d]efendants are entitled to sentencing decisions made in the exercise of the 'informed discretion' of the sentencing court." ' " (*People v. Salazar* (2023) 15 Cal.5th 416, 424 (*Salazar*); see also *People v. Surplice* (1962) 203 Cal.App.2d 784, 791 ["It is well established in the law that

---

[3] Although the dissent agrees that an open-ended remand is the usual remedy (dis. opn. of Guerrero, C. J., *post*, at pp. 4–5), the dissent takes issue with our reliance on *Williams* for that proposition. The dissent argues that *Williams* instead makes clear that it is proper for an appellate court to direct the trial court to reinstate a prior strike should the appellate court conclude that, "as a matter of law, the . . . defendant 'cannot be deemed outside the spirit of the Three Strikes law in any part, and hence may not be treated as though he had not previously been convicted of those serious and/or violent felonies.' " (*Id.* at p. 1, quoting *Williams*, *supra*, 17 Cal.4th at p. 163.) It is unclear how the dissent would draw this conclusion from *Williams*, given that we did not order the strike reinstated in that case but instead explicitly allowed for further development of the issue on remand.

the severity of the sentence . . . rest[s] in the sound discretion of the trial court"].)  Whether to dismiss all or part of a criminal action under Penal Code section 1385 is such a decision.  We have previously observed in other matters arising under section 1385 that " 'the standard of furtherance of justice will best be served if we recognize discretion in the trial judge, who viewed the witnesses and heard the conflicting testimony' " (*People v. Williams* (1981) 30 Cal.3d 470, 481 (*Dermon Williams*), quoting *People v. Superior Court* (*Howard*) (1968) 69 Cal.2d 491, 505 (*Howard*)), and who " 'has the knowledge, ability and tools at hand to properly individualize the treatment of the offender' " (*Dermon Williams*, at p. 482, quoting *People v. Dorsey* (1972) 28 Cal.App.3d 15, 19).  Thus, as a rule, whether to dismiss a prior strike "in furtherance of justice" under section 1385 is a matter committed to the sound discretion of the trial court.  (*Large*, *supra*, 41 Cal.4th at p. 550; *Rodriguez, supra*, 17 Cal.4th at p. 257; *Fuhrman, supra*, 16 Cal.4th at p. 942; *Romero*, *supra*, 13 Cal.4th at p. 530, fn. 13.)

In other contexts, we have made clear that the ordinary remedy after finding an error in the exercise of sentencing discretion is to reverse and remand to the trial court for resentencing, during which the trial court will have a new opportunity to exercise its discretion.  We have underscored the point in a series of cases dealing with the review of a trial court's failure to appreciate the scope of its discretion in sentencing.  We have instructed that when the trial court mistakenly believes it has no discretion regarding a particular component of the defendant's sentence, or mistakenly believes its discretion to be narrower than the law provides, the appropriate remedy is generally to remand for resentencing, this time with a correct understanding of the scope of the court's discretion.  We remand

for a new determination unless the record " 'clearly indicate[s]' " that the correction would make no difference — that is, that "the trial court would have reached the same conclusion 'even if it had been aware' " of the scope of its discretion.  (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391 (*Gutierrez*), quoting *People v. Belmontes* (1983) 34 Cal.3d 335, 348, fn. 8; see *Salazar*, *supra*, 15 Cal.5th at p. 425.)  In this way, the law respects the substantial discretion vested in the trial court to determine the appropriate sentence in light of the facts and circumstances of the individual case.

Similar principles apply to the adjudication of *Romero* motions, and they counsel a similar approach when appellate courts find errors in the manner in which a trial court has exercised its discretion to dismiss prior strikes.  Appellate case law illustrates the point.  If, for instance, a trial court has abused its discretion by disregarding mandatory *Williams* factors, the error does not generally divest the court of its role in determining the appropriate sentence in its discretion; the appellate court should remand with instructions to make a new determination based on consideration of all the mandatory factors.  (See *Humphrey*, *supra*, 58 Cal.App.4th at p. 813 [remanding for a new exercise of discretion after concluding the trial court erroneously evaluated the age of prior strike convictions "with blinders on," without regard for the defendant's intervening criminal history].)  An appellate court should likewise remand for a new determination if the court mistakenly considered extrinsic factors such as personal antipathy for a sentencing outcome (see *McGlothin, supra*, 67 Cal.App.4th at p. 477 [remanding for a new exercise of discretion after finding that the trial court "simply concluded that life in prison was too harsh a penalty for attempted and completed

strong-arm robberies"]), or based its decision on a misreading of the record (see *People v. Cluff* (2001) 87 Cal.App.4th 991, 1002 [*Romero* analysis "disconnected from the evidence" requires vacating the sentence and remanding to the trial court to conduct a new *Romero* hearing]; see *id.* at pp. 1001–1004). And if a trial court has failed to adequately state any reasons, the usual remedy is to allow the trial court to articulate or reconsider its reasons on remand. (See *Bonnetta, supra,* 46 Cal.4th at p. 153 [if the trial court failed to state its reasons in compliance with section 1385(a), the matter must be remanded to allow the court to adequately state its reasons in a new order, in which the court "may, but need not, revisit its earlier decision"].)

As *Williams* itself illustrates, even in a case in which the appellate court may find nothing in the existing record to support the trial court's decision to grant dismissal, an open-ended remand is still often the appropriate course. This is true for several reasons. The record may have been truncated because the manner in which the sentencing proceedings were conducted may have led the parties to focus on a particular issue or issues to the exclusion of other possible bases for decision. And although a trial court is required to state its reasons under section 1385(a), in some cases the court's stated list of reasons may not constitute a complete catalog of the reasons on which the trial court actually relied. Letting the trial court state previously omitted reasons on remand ensures that the record "contain[s] all of the material a reviewing court should consider" in reviewing the new exercise of discretion. (*Romero, supra,* 13 Cal.4th at pp. 531–532.) What is more, as *Williams* suggests, the trial court on remand is permitted to take into consideration any relevant "material and information" that may not have been

fully developed or available at the previous hearing. (*Williams*, *supra*, 17 Cal.4th at p. 164, fn. 7.) The trial court may entertain such arguments and evidence as will assist it in deciding whether to dismiss the strike, including, as appropriate, newly arising circumstances that shed light on the defendant's "character" and "prospects" of rehabilitation. (Cf., e.g., *People v. Warner* (1978) 20 Cal.3d 678, 689; *People v. Dix* (1991) 53 Cal.3d 442, 460; cf. also, e.g., *People v. Benn* (1972) 7 Cal.3d 530, 535 [trial court may order an updated probation report as appropriate for this purpose].) This flexibility is consistent with the trial court's primary role in reaching " 'an informed, intelligent and just decision' " on the question of sentence. (*People v. Ruiz* (1975) 14 Cal.3d 163, 168; see also *Rodriguez*, *supra*, 17 Cal.4th at p. 258.)

In short, whether a case was resolved by guilty plea or not, *Williams* suggests — and we now confirm — that when the trial court is found to have abused its discretion in granting a *Romero* motion, the proper remedy is ordinarily a remand that allows for further consideration of the issue. Any resulting ruling will, of course, be likewise subject to appellate review for abuse of discretion. (*Romero*, *supra*, 13 Cal.4th at p. 532; *Williams*, *supra*, 17 Cal.4th at p. 164 & fn. 7.) But the question of how to exercise discretion, based on the full range of relevant facts and a proper understanding of the governing law, generally remains for the trial court to decide in the first instance.[4]

---

[4] We do not suggest that a Court of Appeal may never issue a more directive order. (Contra dis. opn. of Guerrero, C. J., *post*, at p. 5.) To take one example, if a trial court makes repeated mistakes in applying the law, the Court of Appeal is not bound

## IV.

Neither the District Attorney nor our dissenting colleague disputes that the usual remedy after finding a trial court abused its discretion in dismissing a prior strike is to remand to allow the trial court to reconsider how to exercise its discretion. They argue, however, that we should nonetheless affirm the Court of Appeal's unexplained decision to direct reinstating the strike because, given the particular circumstances of this case, it would clearly have been pointless to do anything else. They reason that the reinstatement order was appropriate because it is clear that the trial court *could not* lawfully decide to dismiss the strike on remand. In the District Attorney's view, it is also clear that the trial court *would not* strike Dain's prior strike on remand, given the trial court's decision not to strike at Dain's initial sentencing in 2019. We are not persuaded that the circumstances of this case justify the Court of Appeal's reinstatement order.

The District Attorney's primary argument is that the Court of Appeal's reinstatement order was proper because the court had concluded, correctly, that any decision to dismiss Dain's prior strike conviction would constitute an abuse of discretion as a matter of law. The District Attorney points to the portion of the opinion in which the Court of Appeal conducted an independent review of the record on appeal and

_____

to give the court endless opportunities to try again. Appellate courts have the authority to enter remand orders "as may be just under the circumstances," and may use this authority as appropriate when the circumstances demonstrate that an open-ended remand would truly be an idle act. (Pen. Code, § 1260.) For the reasons explained below, however, we are not convinced that this case involves such a scenario.

found that, "as in *Williams*, there is nothing favorable to [Dain] about his current or prior convictions or his background, character, or prospects" that would suggest that he was outside the spirit of the Three Strikes law. (*Dain*, *supra*, 99 Cal.App.5th at p. 415; cf. *Williams*, *supra*, 17 Cal.4th at p. 163 [reaching similar conclusion based on the record in that case].) The District Attorney suggests that, given this assessment, the Court of Appeal was justified in putting a stop to any further litigation on the merits of the *Romero* motion.

But just as our assessment of the record did not foreclose further *Romero* proceedings in *Williams*, the Court of Appeal's assessment does not foreclose further proceedings here. The court's assessment was necessarily based on the existing record on appeal, and found an abuse of discretion only in the trial court's original order based on that record. The Court of Appeal did not, at least in explicit terms, purport to find that any possible future decision to grant dismissal — regardless of any differences in the supporting arguments, evidence, or reasoning — would necessarily constitute an abuse of discretion too. Its evaluation of the present record is not, in other words, tantamount to a judgment that no future proceedings could possibly affect the result.

Nor would it be easy to reach such a conclusion here, given the limitations evident in the existing record. At the outset of the second *Romero* hearing, the trial court stated: "I think before we get started with actual argument, what I thought I would do is give the parties an indication of what I'm thinking for this sentence, that way you can focus on more detail and know where I'm going." The court then announced that it would strike the prior strike because of a change it perceived in the "spirit" of sentencing laws, the remoteness of the 2007 strike,

"plus some other factors." Unsurprisingly, the trial court's invitation to "focus" on the stated factors led the parties to do just that. Had the trial court not directed the parties' attention to these invalid factors, it is at least possible that the parties would have developed a record elaborating on other relevant circumstances, which would have then been available to inform appellate review. The trial court also cited "other factors" that made it "appropriate" to dismiss the strike, without specifying what those factors were. It is impossible to know with certainty, but the District Attorney concedes that it is at least possible that the trial court was referring to favorable circumstances related to Dain's history and prospects that supported dismissing his prior strike. The record does indeed reveal some favorable circumstances that the trial court could conceivably have been referring to. But the elliptical nature of the reference makes it difficult, if not impossible, to evaluate whether these reasons fall within the range of reasons that " 'would motivate a reasonable judge' " to dismiss the strike. (*Romero, supra,* 13 Cal.4th at p. 530–531.)

The District Attorney and the dissent both suggest that we should ignore the limitations in the existing record because no further elaboration of any favorable circumstances, or citation of additional reasons, could possibly overcome the weight of Dain's extensive criminal history. (See dis. opn. of Guerrero, C. J., *post,* at p. 4.) We reject the suggestion. It is, of course, true that a defendant's criminal history is highly relevant to the *Romero* inquiry. But the number of prior offenses is not necessarily dispositive on its own; *Williams* also trains the court's attention on the nature and circumstances of the prior offenses and the defendant's background, character, and prospects. (*Williams, supra,* 17 Cal.4th at p. 161.) Where

the record is limited as the record is in this case, it is speculative to predict that no possible further elaboration of arguments, evidence, or reasons could possibly matter to the trial court's sentencing judgment. (*Carmony*, *supra*, 33 Cal.4th at p. 378.) An appellate court that ventured such a prediction in the face of an incomplete record would run the risk of substituting its own, incompletely informed judgment for the informed discretion of the trial court. (See *Salazar*, *supra*, 15 Cal.5th at p. 427 ["[T]he Court of Appeal may not substitute its own view of the offenses for the sentencing court's in determining whether remand is appropriate"]; *Howard*, *supra*, 69 Cal.2d at p. 505; *Dermon Williams*, *supra*, 30 Cal.3d at p. 482.)[5] And notably, the Court of Appeal itself ventured no such prediction here.

---

[5] The District Attorney relies on *People v. Mooc* (2001) 26 Cal.4th 1216 to argue that the record here is sufficient to preempt a new exercise of discretion by the trial court, but *Mooc* is inapposite. In that case, we disagreed with the Court of Appeal's decision to remand to the trial court for a new *Pitchess* hearing, at which a criminal defendant may compel the discovery of certain evidence in the arresting law enforcement officer's personnel file. (*Mooc*, at pp. 1219–1220, 1232.) There, unlike here, we had before us the exact same information that the trial court would evaluate on remand — the officer's complete personnel file. (*Ibid.*) We determined that none of the items in the file could be disclosed to the defendant — and remand would thus serve no use — because disclosing any of them would constitute an abuse of discretion. (*Ibid.*) We face no comparable circumstances here.

The District Attorney also relies on two Court of Appeal cases, *Strong*, *supra*, 87 Cal.App.4th 328, and *Gaston*, *supra*, 74 Cal.App.4th 310. In both *Strong* and *Gaston*, the courts directed the trial court to reinstate prior strike findings. (*Strong*, at pp. 340, 346–347; *Gaston*, at pp. 320, 323.) Like the Court of Appeal

The District Attorney also argues that we should affirm the Court of Appeal's judgment not because the trial court could not strike the prior strike on remand, but because it clearly would not. The District Attorney bases this conclusion on the fact that the trial court refused to strike Dain's prior strikes at his first sentencing in 2019.

Although the trial court may have denied the motion in 2019, the fact remains that when the issue returned to the trial court years later, the trial court changed course and granted the motion — and the record does not make clear that the court would not do the same again if the matter were to return on

_____

here, the *Gaston* court gave no reason for its disposition. (*Gaston*, at p. 323.)

For its part, the *Strong* court concluded that it would be an "idle exercise" to send the case back for reconsideration of the defendant's *Romero* motion, in view of the defendant's extensive criminal history and the trial court's comprehensive (though inadequate) explanation of its reasons for dismissing the strike at issue. (*Strong, supra*, 87 Cal.App.4th at p. 347.) In so doing, the court cited with approval the Court of Appeal's decision in *McGlothin, supra*, 67 Cal.App.4th at p. 475. (*Strong*, at p. 339.) But it did not expressly address why it parted company with *McGlothin* on the question of appropriate remedies. (See *McGlothin, supra*, 67 Cal.App.4th at pp. 476, 478 [although the "defendant's criminal history [wa]s one of the worst" the court ever witnessed, the court "decline[d] the Attorney General's invitation to dictate what sentence the trial court should impose" on remand].)

We have no occasion to decide whether the orders in *Strong* or *Gaston* were warranted on the particular circumstances presented in those cases. But to the extent either case might be read to suggest that a defendant's extensive criminal history alone always supplies sufficient reason for an appellate court to order the reinstatement of a strike, we disagree and disapprove the suggestion.

remand. As noted, in granting Dain's 2023 *Romero* motion, the court cited not only the two factors the Court of Appeal found insufficient, but also "other factors" that are not explained on this record. Based on the limited information before us, it is impossible to know with any certainty whether the trial court would have dismissed Dain's strike absent reliance on the improper factors. Even if there had been no material changes in the arguments or evidence available at the 2023 resentencing, the trial court had the prerogative to change its mind about the appropriateness of dismissing the strike, so long as it did not abuse its discretion. (See *Large*, *supra*, 41 Cal.4th at pp. 547, 553 [the trial court, even if "review[ing] the same information that had been available" at one *Romero* hearing, can take "a very different view" of the defendant at another hearing and reach the opposite conclusion, subject to review for abuse of discretion].) As we have noted in another context, "it is almost always speculative for a reviewing court to say what the sentencing court would have done" had it properly understood the scope of its discretion. (*Salazar*, *supra*, 15 Cal.5th at p. 431.) Such is the case here.

In sum, regardless of whether there was anything in the existing record that would allow a reasonable jurist to dismiss the strike (see dis. opn. of Guerrero, C. J., *post*, at p. 2), that record is inherently limited. Even if no additional evidence or information is adduced following remand, the trial court could still elect to dismiss the prior strike by articulating proper reasons for the dismissal. (See *ante*, at pp. 16–17; see also *Bonnetta*, *supra*, 46 Cal.4th at p. 153.) We decline to "substitute [our] own view" for the trial court's (*Salazar*, *supra*, 15 Cal.5th at p. 427), which should be given the opportunity to determine if there are valid reasons to dismiss the strike with a proper

understanding of the law. We likewise reject the District Attorney's suggestion that an appellate court can rely on the 2019 *Romero* denial to predict how the trial court would rule, years later, based on additional considerations and any new material and information that may be pertinent to the trial court's consideration of Dain's present *Romero* motion. To so conclude does not, as the District Attorney suggests, give Dain a "windfall opportunity" for another "bite at the proverbial apple." It instead gives him nothing more than that which he is entitled by law: A ruling on his *Romero* motion that reflects a properly informed exercise of the trial court's sentencing discretion.

## V.

We hold that the proper remedy for the errors in the trial court order granting dismissal of Dain's strike is a remand that allows for further proceedings, as appropriate, on the merits of Dain's *Romero* motion. We express no views on the merits of the motion, which is a matter for the trial court to decide in the first instance. On remand, the trial court may again exercise its discretion to determine whether or not the *Romero* motion should be granted, this time informed by the appellate court's clarification of the governing law and any arguments and evidence it may find admissible and relevant to the matter before it.

We reverse the judgment of the Court of Appeal and remand for further proceedings not inconsistent with this opinion.

**KRUGER, J.**

**We Concur:**

**CORRIGAN, J.**
**LIU, J.**
**GROBAN, J.**
**JENKINS, J.**
**EVANS, J.**

PEOPLE v. DAIN

S283924

Dissenting Opinion by Chief Justice Guerrero

I disagree with the majority that our decision in *People v. Williams* (1998) 17 Cal.4th 148 (*Williams*) "suggests an answer to the remedial question we confront here." (Maj. opn., *ante*, at p. 12.) Or, more precisely, I disagree that *Williams* supports the answer the majority provides. *Williams* makes clear that it is proper for a reviewing court to look at an existing record and determine, as a matter of law, that it would be improper for a trial court to dismiss a strike based on that record. (*Williams*, at pp. 162–163, see *id.* at p. 164, fn. 7 ["On remand here, if the material and information set out again prove to be the same as that set out before, the superior court cannot rule as it did originally, inasmuch as its order was erroneous"].) Contrary to the majority's suggestion that *Williams* supports the proposition that it would infringe upon the trial court's discretionary sentencing power to make such a determination (see maj. opn., *ante*, at p. 14), our decision in *Williams* supports the conclusion that there is no such infringement where, as a matter of law, the record demonstrates that defendant "cannot be deemed outside the spirit of the Three Strikes law in any part, and hence may not be treated as though he had not previously been convicted of those serious and/or violent felonies." (*Williams*, at p. 163.)

As in *Williams*, there was nothing in the record before the trial court or the Court of Appeal in this case about "the nature and circumstances of [defendant's] present felony" or "the particulars of his background, character, and prospects" that

1

would permit any reasonable court to conclude defendant was "outside the spirit of the Three Strikes law." (*Williams*, *supra*, 17 Cal.4th at pp. 162–163.) Indeed, I do not read the majority to identify anything in the *existing* record to suggest it concludes otherwise. (Cf. maj. opn., *ante*, at p. 19 [suggesting that "*differences* in the supporting arguments, evidence, or reasoning" might support the dismissal of defendant's strike on remand (italics added)].)

Moreover, the majority's attempt to analogize the procedural posture with that in *Williams* to support the possibility of the development of a *different* record on remand that might support the dismissal of a strike is unpersuasive. While in *Williams* we did not direct the reinstatement of a strike, our disposition permitted the defendant to withdraw his plea. (*Williams*, *supra*, 17 Cal.4th at p. 164, fn. 7.) Given that our disposition had the potential to return the proceedings to a *preconviction* posture, it hardly seems surprising that the *Williams* court did not specify how an eventual potential *resentencing* might be conducted. Thus, while the *Williams* court acknowledged that the "material and information" pertaining to the trial court's eventual potential decision whether to dismiss a strike might turn out to be different on remand in that case (*ibid*.), that was because our disposition left open the possibility of a full trial on the merits of the charges against the defendant. (*Id*. at p. 165.) The procedural context in this case is materially different. Defendant was convicted in a jury trial, and the sole reason that the Court of Appeal remanded the matter was to allow the trial court to resentence him. (*People v. Dain* (2024) 99 Cal.App.5th 399, 403–404.)

Furthermore, I am not convinced that an open-ended remand is required on the ground that the record of relevant

circumstances supporting the dismissal of defendant's prior strike was truncated by the trial court's comments at the *Romero*[1] hearing. (See maj. opn., *ante,* at p. 20.) Nothing that defense counsel could have said would have changed either the " ' "terrorizing" ' nature of [defendant's] current offenses," or his "unabated criminal history." (*Id.* at p. 3.) Additionally, prior to the hearing, the defense filed a written *Romero* motion, offering its unpersuasive reasons for requesting that the trial court dismiss the strike, a motion that the Court of Appeal and this court were able to review.[2] And, on appeal, defendant has not pointed to any evidence or argument that he would have presented, but for the trial court's comments, that would have been legally sufficient to support a lawful exercise of the trial court's discretion to dismiss a strike. Thus, while the majority states, "Where the record is limited as the record is in this case, it is speculative to predict that no possible further elaboration of arguments, evidence, or reasons could possibly matter to the trial court's sentencing judgment," the record here was fully

---

[1] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

[2] It appears to be undisputed that defendant's 2023 *Romero* motion was virtually identical to his 2019 *Romero* motion. Furthermore, prior to the 2023 *Romero* motion hearing, the trial court offered to have the matter "refer[red] to probation," but defense counsel responded, "I'm not sure if it needs to be referred to probation for a probation officer report." Thereafter the trial court stated, "I don't need to refer to probation" and indicated that it would permit the parties to submit briefs on the anticipated *Romero* motion and set the matter for a hearing. Defense counsel responded, "That's fine." Defense counsel's declination to have a new probation report prepared also does not support the need to issue an open-ended remand, particularly since the existing probation report in no way supported the dismissal of a strike.

developed, and no speculation is required to determine that it would be an abuse of discretion to dismiss defendant's strike. (Maj. opn., *ante*, at pp. 20–21.)

Although the majority correctly points out that, at the *Romero* hearing, in addition to offering two legally invalid reasons for dismissing the 2006 strike, the trial court also alluded to " 'other factors' " that made it " 'appropriate' " to dismiss the strike, I am not convinced that this reference warrants a remand under the circumstances of this case. (Maj. opn., *ante*, at p. 20.) I agree with the majority that it is not entirely clear what the trial court meant by this reference. (*Id.* at pp. 20–23.) But such lack of clarity does not necessitate a remand where none of the "other factors" the court might have been alluding to supports granting the *Romero* motion. In particular, the favorable factors that defendant relies on in this case — including his "youth at the time of the prior strike," the allegedly "minor role he played in the prior strike offense and the current offenses," and "his personal history with substance abuse and recovery" — could not alone or in combination support the striking of a strike here given any reasonable application of the *Williams* factors. (See *People v. Carmony* (2004) 33 Cal.4th 367, 378 ["the circumstances must be 'extraordinary . . . by which a career criminal can be deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of which the law was meant to attack' "].) I do not read the majority to explain otherwise.

In sum, I agree with the majority that where "the trial court is found to have abused its discretion in granting a *Romero* motion, the proper remedy is *ordinarily* a remand that allows

for further consideration of the issue." (Maj. opn., *ante*, at p. 17, italics added.) That is true, for example, where a trial court's statement of an intent to dismiss a strike induces a guilty plea, as in *Williams*. But as the majority — at least nominally — recognizes, an open-ended remand is not invariably mandated. (*Id*. at p. 17, fn. 4.)[3] On the contrary, the Legislature has broadly prescribed that a reviewing court may "remand the cause to the trial court for such further proceedings as may be just under the circumstances." (Pen. Code, § 1260.) In my view, the Court of Appeal permissibly directed reinstatement of defendant's strike "under the circumstances" of this case. (*Ibid*.) Therefore, I would affirm the judgment of the Court of Appeal.

**GUERRERO, C. J.**

---

[3] Although the majority indicates that the standard of appellate review is deferential (maj. opn., *ante*, at p. 9), it also concludes that remand for further *Romero* proceedings is warranted whenever it is remotely "possible," or "conceivably" the case, that any new evidence or argument can be presented. (Maj. opn., *ante*, at pp. 19, 20, 21.) Indeed, the majority concludes remand is appropriate and the lower court can dismiss the prior strike here "[e]ven if *no additional evidence or information* is adduced following remand." (Maj. opn., *ante*, at p. 23, italics added.) This suggests there is effectively a categorical rule favoring remand in all cases, and the majority opinion will likely be interpreted in that manner.

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion**  People v. Dain

---

**Procedural Posture** (see XX below)
**Original Appeal**
**Original Proceeding**
**Review Granted (published)** XX 99 Cal.App.5th 399
**Review Granted (unpublished)**
**Rehearing Granted**

---

**Opinion No.** S283924
**Date Filed:** August 4, 2025

---

**Court:** Superior
**County:** Sonoma
**Judge:** Bradford J. DeMeo

---

**Counsel:**

Carla C. Rodriguez, District Attorney, Anne C. Masterson, Chief Deputy District Attorney, and Sarah A. Brooks, Deputy District Attorney, for Plaintiff and Appellant.

Mi Kim, under appointment by the Supreme Court, for Defendant and Respondent.

**Counsel who argued in Supreme Court (not intended for publication with opinion):**

Sarah A. Brooks
Deputy District Attorney
600 Administration Drive, Suite 212J
Santa Rosa, CA 95403
(707) 565-3126

Mi Kim
Attorney at Law
2060-D East Avenida de Los Arboles, #274
Thousand Oaks, CA 91362
(805) 267-9113